| | |
|---|---|
| **WILLIAM LONG**<br>6224 Stoneham Court<br>Bethesda, Maryland 20817<br><br>         Plaintiff,<br>v.<br><br>**WALMART, INC.**<br>701 South Walton Blvd.<br>Bentonville, Arkansas 72716<br>S/O The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Timonium, Maryland 21093-2264<br><br>and<br><br>**WAL-MART STORES EAST, LP**<br>702 SW 8TH Street<br>Bentonville, Arkansas 72716<br>S/O The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Timonium, Maryland 21093-2264<br><br>and<br><br>**BL QUARTERFIELD ASSOCIATES, LLC**<br>175 Admiral Cochrance Drive<br>Suite 201<br>Annapolis, Maryland 21401<br>SERVE ON:  David R. Lewis<br>175 Admiral Cochrane Drive<br>Suite 201<br>Annapolis, Maryland 21401<br><br>Defendants. | **IN THE CIRCUIT COURT**<br><br>**FOR**<br><br>**ANNE ARUNDEL COUNTY**<br><br>**CASE NO.:**   C-02-CV-21-000576<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, William Long (hereinafter "Plaintiff") by and through his attorney, Dustin C. Furman and Gilman & Bedigian, LLC, sues Walmart Inc. (hereinafter "Defendant WM"), Wal-Mart Stores East, LP (hereinafter "Defendant WMSE"), BL Quarterfield Associates, LLC (hereinafter "Defendant BL") and states as follows:

### FACTS COMMON TO ALL COUNTS

1. That all events giving rise to this lawsuit occurred in Anne Arundel County, Maryland.

2. That Defendants WM, WMSE, and BL are corporations that regularly conduct business in Anne Arundel County, and throughout the state of Maryland.

3. Upon information and belief, Defendants own, operate, and/or manage the Walmart store in which the events giving rise to this complaint occurred (hereinafter "the Premises"), located at 407 George Clauss Blvd, Severn, MD 21144.

4. That Plaintiff at all times relevant to this Complaint was a business invitee and patron of the Premises.

5. That as an invitee, the Defendants owed the Plaintiff a duty to maintain and repair said premises and to keep the premises, approaches to, entrances, exits, walkways, parking lots and stairways thereon in a safe condition for the use by the public and to discover and correct or to warn the public of any dangerous or defective conditions about the property which had not been corrected, to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, and to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed.

6. That on or about January 15, 2019, at or about 9:40 a.m., Plaintiff went to Walmart and while he was walking in the parking lot towards the entrance, Plaintiff slipped and fell, due to black ice, suffering severe injuries including a torn rotator cuff among others.

### COUNT I
(Negligence – Defendant WM)

7. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 6 of this Complaint, and all other counts, with the same effect as if herein fully set forth.

8. That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said premises.

9. That as an invitee, Defendant owed the Plaintiff a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, and to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed.

10. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failed to maintain a safe environment for the Plaintiff to enjoy his lawful visit to the store; and was otherwise negligent in causing this accident.

11. That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff thereby causing him to be injured.

12. That as a proximate result of the negligence of Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the shoulders, arms, neck, wrists, and hands.

13. Plaintiff was caused to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits. Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits.

14. The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, William Long, demands judgment against Defendant Walmart, Inc. for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT II
(Premises Liability – Defendant WM)

15. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 14 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

16. That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said premises.

17. That as an invitee, Defendant owed the Plaintiff a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, and to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed.

18. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failed to maintain a safe environment for the Plaintiff to enjoy his lawful visit to the store; and was otherwise negligent in causing this accident.

19. That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff thereby causing him to be injured.

20. That as a proximate result of the negligence of Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the shoulders, neck, arms, wrists, and hands.

21. Plaintiff was caused to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits. Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits.

22. The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, William Long, demands judgment against Defendant Walmart Inc., for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT III
(Negligence – Defendant WMSE)

23. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 22 of this Complaint, and all other counts, with the same effect as if herein fully set forth.

24. That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said premises.

25. That as an invitee, Defendant owed the Plaintiff a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, and to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed.

26. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failed to maintain a safe environment for the Plaintiff to enjoy his lawful visit to the store; and was otherwise negligent in causing this accident.

27.     That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff thereby causing him to be injured.

28.     That as a proximate result of the negligence of Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the shoulders, arms, neck, wrists, and hands.

29.     Plaintiff was caused to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits. Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits.

30.     The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, William Long, demands judgment against Defendant Walmart Stores East, LP. for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT IV
(Premises Liability – Defendant WMSE)

31.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 30 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

32.     That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said premises.

6

33. That as an invitee, Defendant owed the Plaintiff a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, and to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed.

34. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failed to maintain a safe environment for the Plaintiff to enjoy his lawful visit to the store; and was otherwise negligent in causing this accident

35. That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff thereby causing him to be injured.

36. That as a proximate result of the negligence of Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the shoulders, neck, arms, wrists, and hands.

37. Plaintiff was caused to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits. Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits.

38. The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, William Long, demands judgment against Defendant Walmart Stores East, LP, for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT V
(Negligence – Defendant BL)

39. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 38 of this Complaint, and all other counts, with the same effect as if herein fully set forth.

40. That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said premises.

41. That as an invitee, Defendant owed the Plaintiff a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, and to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed.

42. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failed to maintain a safe environment for the Plaintiff to enjoy his lawful visit to the store; and was otherwise negligent in causing this accident.

43. That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff thereby causing him to be injured.

44. That as a proximate result of the negligence of Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the shoulders, arms, neck, wrists, and hands.

45. Plaintiff was caused to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits. Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits.

46. The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, William Long, demands judgment against Defendant, BL Quarterfield Associates, LLC, for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT V
(Premises Liability – Defendant BL)

47. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 46 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

48. That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said premises.

49. That as an invitee, Defendant owed the Plaintiff a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, and to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed.

50. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failed to maintain a safe environment for

the Plaintiff to enjoy his lawful visit to the store; and was otherwise negligent in causing this accident

51. That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff thereby causing him to be injured.

52. That as a proximate result of the negligence of Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the shoulders, neck, arms, wrists, and hands.

53. Plaintiff was caused to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits. Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time from his daily pursuits.

54. The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, William Long, demands judgment against Defendant, BL Quarterfield Associates, LLC, for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

GILMAN & BEDIGIAN, L.L.C.

*/s/ Dustin C. Furman*
Dustin C. Furman
GILMAN & BEDIGIAN, L.L.C.
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999

dfurman@gblegalteam.com
CPF: 1612130239
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury on all issues herein.

GILMAN & BEDIGIAN, L.L.C.

*/s/ Dustin C. Furman*
Dustin C. Furman
GILMAN & BEDIGIAN, L.L.C.
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
dfurman@gblegalteam.com
CPF: 1612130239
*Attorney for Plaintiff*